UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 SEP 30 P 3:44
U.S. DISTRICT COURT
DISTRICT OF MASS.

04-12097 GAO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | Civil Action No. |
| Plaintiff, ) ) | MAGISTRATE JUDGE MBB |
| -against- ) ) ) | RECEIPT # <br> AMOUNT $150 <br> SUMMONS ISSUED ✓ <br> COMPLAINT AND <br> LOCAL RULE 4.1 <br> JURY TRIAL DEMAND <br> WAIVER FORM <br> MCF ISSUED <br> BY DPTY. CLK. <br> DATE 9/30/04 |
| Washington Group International, Inc. ) ) ) | |
| Defendant. ) ) | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation by Washington Group International (hereafter "WGI" or "Defendant"), and to make whole Joe Willis, Godwin Enagbarre, John Baldwin, Johannes Kaindoh, Wayne Henderson, and Leonard Bell (hereafter referred to collectively as "Charging Parties") and a class of similarly situated individuals affected by Defendant's discriminatory practices. As alleged in greater detail in paragraph 7 below, Defendant subjected Charging Parties to unlawful discrimination by (1) creating and failing to remedy a hostile work environment on the basis of race; and (2) terminating Charging Parties on the basis of their race and protected activities.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3).

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court of Massachusetts.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.	At all relevant times, Defendant has continuously been a Delaware corporation doing business in the Commonwealth of Massachusetts, and has continuously had at least 15 employees.

5.	At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.	More than thirty days prior to the institution of this lawsuit, each of the Charging Parties, all of whom are African-American, filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.	Since at least 2002, Defendant has engaged in unlawful employment practices in violation of Section 703 (a) of Title VII, 42 U.S.C. §2000e-(a) and (b). These practices included,

but are not limited to, the following:

a.) Employees at Defendant's Everett, Massachusetts ("Sithe Mystic") construction site subjected Charging Parties and other similarly situated African-American workers, both directly and/or indirectly, to offensive racially harassing conduct, including, but not limited to racially offensive and demeaning language, and graffiti of a racial nature. The racially offensive language and graffiti complained of included but was not limited to use of the terms "nigger," "brother fucking nigger," and "ape," as well as sexually explicit and demeaning language directed at African-American individuals, and it often took place in the presence of supervisors. This unlawful harassment also included the theft of work tools and the insubordination to African-American foremen because of their race.

b.) When Charging Parties complained to supervisors about the harassing conduct, their complaints were not addressed promptly or effectively, the supervisors took no action to investigate or prevent the harassment, and Charging Parties' complaints were not kept confidential, resulting in continued and increased harassment and retaliation against Charging Parties and similarly situated African-Americans, including additional graffiti. The new graffiti's severity escalated and included, but was not limited to, death threats, such as "Kill all those niggers. Ha!! Ha!! Ha!!"; "tell your 2 kids watch out! they will pay for your Ratty mouth you DUMB Nigger, signed KKK"; and an image of Mr. Enagbarre being run over by a bus.

c.) Defendant allowed the racially offensive graffiti to remain on the site for between several weeks to several months at a time, including graffiti that was specifically reported to supervisors by Charging Parties and their union representative.

d.) One of Defendant's Foremen, who supervised Mr. Baldwin, Mr. Kaindoh, and

Mr. Bell, subjected Charging Parties and other similarly situated African-American workers, both directly and/or indirectly, to offensive racially harassing conduct, including, but not limited to, repeated use of the word "nigger" to refer to African-Americans.

e.) Defendant failed to exercise reasonable care to prevent and correct promptly the harassing behavior.

f.) Defendant terminated the employment of Mr. Kaindoh and Mr. Bell on the basis of race. Prior to the termination of Mr. Kaindoh and Mr. Bell for allegedly leaving work without informing a supervisor, one of Defendant's Foremen pointed to them and said, "In a couple of weeks, those two niggers will be gone." After Mr. Kaindoh and Mr. Bell were fired, one of Defendant's foremen claimed responsibility for both terminations, stating, "I just got your boy fired."

g.) Defendant terminated the employment of Mr. Enagbarre and Mr. Henderson and other similarly situated individuals in retaliation for their opposition to the above-described harassment on the basis of race.

8. Defendant's practices complained of in paragraph 7 above deprived Charging Parties and other similarly situated individuals of equal employment opportunities and otherwise adversely affected Charging Parties' employment, because of their race and protected activities.

9. Defendant's unlawful employment practices complained of in paragraph 7 above were intentional.

10. Defendant's unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and similarly situated individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race or that retaliate against individuals for engaging in protected activity;

B.    Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees engaging in protected activity, and which eradicate the effects of Defendant's past and present unlawful employment practices;

C.    Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D.    Order Defendant to make whole all those individuals adversely affected by the unlawful employment practices described above by providing compensation for non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial;

E.    Order Defendant to pay all those individuals adversely affected by the unlawful employment practices described above, by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

F.    Order Defendant to pay all those individuals adversely affected by the unlawful employment practices described above punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: Boston, Massachusetts
September 30, 2004

Respectfully submitted,

Eric S. Dreiband, General Counsel
James L. Lee, Deputy General Counsel
Gwendolyn Y. Reams, Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

Elizabeth Grossman
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall, 5th Floor
New York, NY 10004-2112
Tel: (212) 336-3696; Fax: (212) 336-3623
Elizabeth.Grossman@eeoc.gov

_____
R. Liliana Palacios
Senior Trial Attorney (MA BBO 640786)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building,
Room 475
Boston, MA 02203-0506
(617) 565-3193
Rosa.Palacios@eeoc.gov

_/s/ Arnold Lizana_

Arnold Lizana
Trial Attorney (MA BBO 656161)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
(617) 565-3210
Arnold.Lizana@eeoc.gov