UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff<br><br>v.<br><br>WASHINGTON GROUP INTERNATIONAL, INC.,<br>    Defendant. | Docket No. 04-12097-GAO |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS PLAINTIFFS AND TO ADD AS DEFENDANTS, RON BENNETT, MICHAEL FOGARTY, AND DENNIS WOODRUFF

### I.
### INTRODUCTION

John Baldwin ("Baldwin"), Leonard Bell ("Bell"), Wayne Henderson ("Henderson") and Johannes Kaindoh ("Kaindoh") (collectively "Intervenor Plaintiffs") filed charges with the Massachusetts Commission Against Discrimination, and which were duly filed with the Equal Employment Opportunity Commission ("EEOC"), charging Washington Group International, Inc. ("WGI") with violating Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and violations of Chapter 151B of the Massachusetts General Laws, intentional infliction of emotional distress, and violations of the Massachusetts Civil Rights Act by discriminating against Intervenor Plaintiffs on the basis of race, including but not limited to disparate treatment, and creating and failing to remedy a hostile work environment on the basis of race, and by terminating Intervenor Plaintiffs on the basis of their race and/or retaliation for their protected activities. Additionally, Intervenor Plaintiffs seek to add supervisory employees, Ron Bennett, Michael Fogarty, and Dennis Woodruff to this lawsuit. The

EEOC filed suit in this Honorable Court against WGI based upon the complaints of Baldwin, Bell, Kaindoh, and Henderson, among others.

Intervenor Plaintiffs have filed a Motion to Intervene as of Right as a Party Plaintiff, in which they request that the Court allow them to intervene so that they can fully protect their individual interests in this litigation and bring all claims arising out of the same facts in one lawsuit.

## II.
## ARGUMENT

When the EEOC files suit under Title VII of the Civil Rights Act of 1964, individual employees may intervene as of right in the EEOC suit as provided by Rule 24 (c) of the Federal Rules of Civil Procedure. Truvillion v. King's Daughter's Hospital, 614 F.2d 520, 525 (5th Cir. 1980); McClain v. Wagner Elec. Corp., 550 F.2d 1115, 1119 (8th Cir. 1977); § 706 (f) (1) of Title VII, 42 USC 2000e-(5) (f) (1). Because the EEOC has filed suit against WGI, the Plaintiff Intervenors, as the individual employees, may intervene as of right in the EEOC's suit.

Duplicate suits by the EEOC and by employees cannot be maintained under Title VII. McClain, 550 F.2d, at 119. Because the Intervenor Plaintiffs cannot now file an independent lawsuit for violation of Title VII, their intervention in this suit is critical in order for them to fully protect their interests. Furthermore, no delay or prejudice will result from allowing the Intervenor Plaintiffs to intervene. This lawsuit is in its very early stages. WGI has not yet filed an Answer, and no discovery has been conducted.

## III.
## CONCLUSION

WHEREFORE, Intervenor Plaintiffs, John Baldwin, Leonard Bell, Wayne Henderson and Johannes Kaindoh, respectfully move this Honorable Court to issue an order granting them leave to file a Complaint to Intervene in the matter against WGI and add Defendants, Ron Bennett, Michael Fogarty, and Dennis Woodruff, a proposed version of which is attached hereto.

Dated: November 23, 2004

Respectfully submitted,
John Baldwin,
Leonard Bell,
Wayne Henderson and
Johannes Kaindoh
By their attorney,

Todd J. Bennett
BBO# 643185
Corrigan, Bennett & Belfort, P.C.
404 Main St., Suite One
Wilmington, MA 01887
(978) 988-1544