UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                                              )
                                                                     )
         Plaintiff,                                          )
                                                                     )         Civil Action No.  04-12097-GAO
JOHN BALDWIN, LEONARD BELL,             )
JOHANNES KAINDOH AND WAYNE            )
HENDERSON,                                                )
                                                                     )
        Intervenor-Plaintiffs                         )
                                                                     )
        -against-                                          )
                                                                     )
                                                                     )
Washington Group International, Inc.            )
                                                                     )
                                                                     )
        Defendant.                                        )
_____ )

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant and subject to the provisions of Rule 16.1 of the Local Rules of the United

States District Court for the District of Massachusetts, and the Court's Notice of Scheduling

Conference, dated January 13, 2005, counsel for all parties conferred on January 24, 2005,

concerning an agenda of matters to be discussed at the scheduling conference and a proposed

pretrial schedule for the case, and hereby submit the following Joint Statement:

1.     Proposed Agenda

The parties suggest that an appropriate agenda for the scheduling conference would

include setting a pretrial schedule.

1

2.    <u>Pending Motion</u>

Soon to be pending before the Court is a Motion to Intervene as Plaintiffs by Godwin

Enagbarre and Joe Willis.  Although the Court's decision will likely be pending at the time of this

Conference, the parties have conferred with these additional plaintiff-intervenor's counsel, Mr.

Jacques Dessin, Esq., and he has agreed to the proposed pretrial schedule.

3.    <u>Summary of Position Asserted by Plaintiff, EEOC</u>

EEOC alleges Defendant Washington Group International, Inc. ("WGI") violated

Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991

by discriminating against Joe Willis, Godwin Enagbarre, John Baldwin, Johannes Kaindoh, Wayne

Henderson, and Leonard Bell (hereafter referred to collectively as "Charging Parties") and a class

of similarly situated African Americans by subjecting these individuals to a hostile work

environment on the basis of race and by taking retaliatory action against members of the class who

complained about the alleged discrimination or otherwise engaged in other protected activity

under Title VII .  Further, EEOC alleges that WGI created and failed to remedy the racially

hostile work environment and terminated Charging Parties on the basis of their race and for

having engaged in protected activities.  As the agency of the United States charged with the

administration, interpretation and enforcement of Title VII, Plaintiff, EEOC, seeks both

injunctive and monetary relief for all individuals identified through discovery who have

been and continue to be affected by the race discrimination it alleges in its Complaint.

4.    <u>Summary of Position Asserted by Plaintiff-Intervenors Baldwin, Bell, Henderson and Kaindoh</u>

Messrs. Baldwin, Bell, Henderson, and Kaindoh are all African American males

who filed timely charges of discrimination with the EEOC and who were previously

employed by Defendant, WGI, at its Everret, MA site.  Their respective positions are

consistent with that of the EEOC set forth above.  However, each of the Intervenor

Plaintiffs also alleges they were subjected to disparate treatment on the basis of their

race given that other similarly situated Caucasian employees were treated more

favorably in the terms and conditions of their employment.  Specifically, the Intervenor

Plaintiffs allege this disparate treatment was evidenced through the racially

discriminatory and disparate manner by which work policies and employment actions

(including terminations) were administered.  In this regard, Plaintiff Intervenors seek

relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, Title I of the Civil

Rights Act of 1991, the Massachusetts Civil Rights Act, M.G.L. c. 151B and c.12 §11H

(Intentional Infliction of Emotional Distress).

   5. <u>Summary Position Asserted by Plaintiff-Intervenors Enagbarre and Willis</u>

   Godwin Enagbarre ("Enagbarre") and Joe Willis ("Willis") (collectively "Intervenor

Plaintiffs") are both African American males who filed timely charges of discrimination with the

EEOC.  They allege that Defendant WGI and its agents, representatives, independent contractors

and subcontractors (i.e., Encompass Technologies, Inc.) violated Title VII of the Civil Rights Act

of 1964, Title I of the Civil Rights Act of 1991 and further engaged in violations of the

Massachusetts Civil Rights Act, M.G.L. c. 151B and c.12 §11H (Intentional Infliction of

Emotional Distress) by discriminating against Intervenor Plaintiffs on the basis of race,

including but not limited to disparate treatment and creating and failing to remedy a racially

hostile work environment, and by terminating Intervenor Plaintiffs on the basis of their race and/or

retaliation for their protected activities. The Plaintiff-Intervenors seek both injunctive and monetary relief for their federal and state claims as they allege in their Complaint to Intervene.

      6.    <u>Summary of Position Asserted by Defendant Washington Group International, Inc.</u>

      Washington Group International Inc. denies that it discriminated against Joe Willis, Godwin Enagbarre, John Baldwin, Johannes Kaindoh, Wayne Henderson, or Leonard Bell, or any other individual employed at the Everett, Massachusetts job site. More particularly, Washington Group denies that it created or failed to remedy a hostile work environment on the basis of race. Washington Group also denies that it took retaliatory action against these named individuals, or any other individuals, for complaining about alleged discrimination or otherwise engaging in protected activity. Washington further states that Mr. Bell and Mr. Kaindoh were terminated from the Everett site due to a violation of project safety rules, while Mr. Willis, Mr. Enagbarre, Mr. Baldwin, and Mr. Henderson were laid off from employment as part of overall reductions in force.

      7.    <u>Proposed Pre-Trial Schedule</u>

        a.    <u>Initial Disclosures</u> shall be completed no later than February 28, 2005.

        b.    <u>Fact Discovery</u>: All fact discovery shall be completed on or before December 16, 2005.

        c.    <u>Expert Discovery</u> shall be completed on or before

           1.    Plaintiff will designate expert witnesses and produce expert reports no later than February 17, 2006.

           2.    Defendant will designate expert witnesses and produce expert

reports no later than March 17, 2006.

3.    Depositions of expert witnesses shall be completed by May 19, 2006.

d.    <u>Dispositive Motions</u>:

Summary Judgement Motions shall be filed on or before May 31, 2006, with any opposition due on or before June 30, 2006.  Any reply to opposition shall be due on or before July 14, 2006.

8.    <u>Trial by Magistrate Judge</u>

The parties do not consent to trial by Magistrate Judge.

9.    <u>Rule 16.1(c) Settlement Proposals</u>

The plaintiffs will submit a joint settlement proposal to defendant on or before February 4, 2005, and defense counsel shall be prepared pursuant to Rule 16.1(c) to respond to the settlement proposal at the scheduling conference.

10.    <u>Rule 16.1(d)(3) Certifications</u>

The parties will separately submit their certifications regarding consultation on litigation budgets and alternative dispute resolution as required by Local 16.1(d)(3).

Respectfully submitted this 4th day of February, 2005

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
By its attorney,

/s/ Rosa Liliana Palacios (ekh)
/s/ Rosa Liliana Palacios (BBO#640786)
Senior Trial Attorney
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
Tel: (617) 565-4804
Fax: (617) 565-3196
Rosa.Palacios@eeoc.gov

WASHINGTON GROUP INTERNATIONAL, INC.
By its attorney

/s/ Erin K. Higgins
/s/ James F. Kavanaugh, Jr. (BBO#262360)
/s/ Erin K. Higgins (BBO#559510)
Conn, Kavanaugh, Rosenthal, Peisch and Ford, LLP
10 Post Office Square
Boston, MA 02109
Tel: (617) 482-8200
Fax: (617) 482-6444
ehiggins@ckrpf.com

JOHN BALDWIN, LEONARD BELL,
JOHANNES KAINDOH
AND WAYNE HENDERSON
By their attorney
/s/ Todd J. Bennett  (ekh)
/s/ Todd J. Bennett (BBO#643185)
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite One
Wilmington, MA 01887
Tel: (978) 988-1544
Fax: (978( 988-1545
toddjbennett@hotmail.com

6

GODWIN ENAGBARRE AND
JOE WILLIS
By their attorney

/s/ Jacquel Dessin (ekh)
Jacques Dessin
236 Huntington Ave.
Suite 302-302
Boston, MA 02210
Tel: (617) 262-4800
Fax: (617) 262-4805
jdessin@hotmail.com
219615.1