UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -7  P 4:07

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSSION<br>Plaintiff<br><br>v.<br><br>WASHINGTON GROUP INTERNATIONAL, INC.<br>Defendant | Docket No.: 04-12097-GAO |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

### I. INTRODUCTION

Godwin Enagbare ("Enagbare") and Joe L. Willis ("Willis") (collectively "Intervenor Plaintiffs") filed charges with the Equal Employment Opportunity Commission, which were duly filed with the Massachusetts Commission Against Discrimination, charging Washington Group International, Inc. ("WGI") with violating Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and violations of the Massachusetts General Laws, Intentional Infliction of Emotional Distress and violations of the Massachusetts Civil Rights Act by discriminating against Intervenor Plaintiffs on the basis of race, including but not limited to disparate treatment, and creating and failing to remedy a racially hostile work environment, and by terminating Intervenor Plaintiffs on the basis of their race and/or retaliation for their protected activities. The EEOC filed suit in this Honorable Court against WGI based upon the complaints of Enagbare and Willis, among others.

Intervenor Plaintiffs have filed a Motion to Intervene as of Right as a Party Plaintiff, in which they request that the Court allow them to intervene so that they can fully protect their individual interests in this litigation and bring all claims out of the same facts in one lawsuit.

## II. ARGUMENT

When the EEOC files a lawsuit under Title VII of the Civil Rights Act of 1964, individual employees may intervene as of right in the EEOC suit as provided by Rule 24 (c) of the Federal Rules of Civil Procedure. Truvillion v. King's Daughter's Hospital, 614 F.2d 520, 525 (5th Cir. 1980); McClain v. Wagner Elec. Corp., 550 F.2d 1115, 1119 (8th Cir. 1977); §706 (f) (1) of Title VII, 42 U.S.C. 2000e-(5)(f)(1). Because the EEOC has filed suit against WGI, the Plaintiff Intervenors, as the individual employees, may intervene as of right in the EEOC's suit.

Duplicate suits by the EEOC and by employees cannot be maintained under Title VII. McClain, 550 F.2d at 1119. Since the Intervenor Plaintiffs cannot file an independent lawsuit for violation of Title VII, their intervention in this suit is critical in order for them to fully protect their interests. Furthermore, no delay or prejudice will result by allowing the Intervenor Plaintiffs to intervene. This lawsuit is in its very early stages. This lawsuit is in its early stage and no discovery has been conducted.

## III. CONCLUSION

WHEREFORE, the Intervenor Plaintiffs, Godwin Enagbare and Joe L. Willis, respectfully move this Honorable Court to grant them leave to file a Complaint to Intervene in the matter against WGI, a proposed version of which is attached hereto.

          Respectfully submitted,
          Godwin Enagbare and
          Joe L. Willis
          By their attorney

          _____
          Jacques A. Dessin, Esq.
          BBO No.: 641063
          Dessin & Associates, Attorney &
          Counsellor At Law
          236 Huntington Avenue, Suite 301-304
          Boston, MA 02115
          (617) 262-4800

Dated: December 29, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within Memorandum of Law in Support of Motion to Intervene, to the following counsel(s) by first class mail on this 7th day of February 2005:

R. Liliana Palacios, Esq.
Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building,
Room 475
Boston, MA 02203-0506

Erin K. Higgins, Esq. (Counsel For WGI)
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109

          _____
          Jacques A. Dessin, Esq.