UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff<br>and<br><br>JOHN BALDWIN, LEONARD BELL, JOHANNES KAINDOH, AND WAYNE HENDERSON,<br>    Intervenor Plaintiffs,<br><br>v.<br><br>WASHINGTON GROUP INTERNATIONAL, INC., and RON BENNETT, individually, MICHAEL FOGARTY, individually and DENNIS WOODRUFF, individually<br>    Defendants | Docket No. 04-12097-GAO |

### COMPLAINT TO INTERVENE AS OF RIGHT AND JURY DEMAND

### I.
### INTRODUCTION

1.  This is a Complaint brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §§ 2000 *et seq.* ("Title VII"), Title I of the Civil Rights Act of 1991, Chapter 151B of the Massachusetts General Laws Chapter 12, Section 11H, and a common law claim of Intentional Infliction of Emotional Distress to intervene in a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") before this Court, identified by Docket No. 04-12097. The Intervenor Plaintiffs are four former employees of the Defendant, Washington Group International, Inc. ("WGI"), who filed charges with the Massachusetts Commission Against Discrimination and the EEOC alleging that

1

they were subjected to racially-based discrimination including but not limited to disparate treatement, hostile work environment, and that they suffered adverse employment actions due to their race and/or in retaliation for engaging in protected activities.

## II.
## PARTIES

2. The Plaintiff, EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII.

3. The Intervenor Plaintiff, John Baldwin ("Baldwin") is an individual with a residential address at 2216 29th Street, Galveston, Texas 77550.

4. The Intervenor Plaintiff, Leonard Bell ("Bell") is an individual with a residential address at 304 S. Pine Street, Bridgeton, NJ.

5. The Intervenor Plaintiff, Wayne Henderson ("Henderson") is an individual with a residential address at 48 Ardoene Street, Providence, Rhode Island 02907.

6. The Intervenor Plaintiff, Johannes Kaindoh ("Kaindoh") is an individual with a residential address at 663 West Kingsway, Baltimore, Maryland 21220.

7. The Defendant, Washington Group International, Inc., is a corporation organized under the laws of Ohio with a principal business address at 720 Park Boulevard, Boise, Idaho 83729. At all relevant times, WGI has continuously been engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII.

8. Defendant, Ron Bennett (Bennett), is an individual and on information and belief, is a resident of the Commonwealth of Massachusetts. At all times relevant to the

allegations set forth in this complaint, Bennett was an employee of WGI who held a managerial and/or supervisory position.

9. Defendant, Michael Fogarty (Fogarty), is an individual and on information and belief, has a residential address at 860 Main Street, Lynnfield, Massachusetts 01940. At all times relevant to the allegations set forth in this complaint, Bennett was an employee of WGI who held a managerial and/or supervisory position.

10. Defendant, Dennis Woodruff (Woodruff), is an individual and on information and belief, is a resident of the Commonwealth of Massachusetts. At all times relevant to the allegations set forth in this complaint, Bennett was an employee of WGI who held a managerial and/or supervisory position.

### III.
### JURISDICTION

11. This Court has subject matter jurisdiction to allow the Intervenor Plaintiffs to join this suit pursuant to Fed.R.Civ.P. 24 (a) and 28 USC §§ 451, 1331, 1337, 1343 and 1345. The action is authorized pursuant to Section 706 (f) (1) and (3) of Title VII. This Court has supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over this action because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court, District of Massachusetts.

### IV.
### FACTS

13. Intervenor Plaintiffs were employees of WGI at the Mystic River Power Plant site in Everett, MA, and were subjected to racially harassing language and graffiti on

3

a regular basis. This included the use of phrases such as "Niggers Suck" and other racially charged comments.

14. Racially-based insults and/or derogatory comments often took place in the presence of WGI's supervisory employees, and racially offensive graffiti was allowed to remain at the work site for weeks or months before being removed.

15. Intervenor Plaintiffs complained about the use of racially offensive language and the presence of racially-based derogatory graffiti. However, WGI failed to take prompt or effective action to remedy the situation.

16. Intervenor Plaintiffs were repeatedly subjected to the use of the derogatory language and racially offensive jokes. Despite the WGI's notice of this practice, it took no steps to protect its employees.

17. In fact, while on the job site, one of the Intervenor Plaintiffs' co-workers and employee of WGI, Victor Ussow, a member of the Caucasian race, came into a trailer where they were and shouted, "I am tired of all this nigger shit!" Mr. Baldwin informed WGI's project manager and/or other WGI officials about this incident, yet the company took no effective action to remedy the situation or to discipline Mr. Ussow.

18. WGI improperly terminated the employment of Mr. Kaindoh and Mr. Bell on the basis of race. Prior to their termination, one of the WGI's foremen, while pointing at Bell and Kaindoh, stated to another employee of WGI that "In a couple of weeks, those two niggers will be gone."

19. Subsequently, Mr. Bell and Mr. Kaindoh were terminated for allegedly neglecting to clock out from work at a time that they were not even required to be present

due to the weather. In actuality, Bell and Kaindoh had merely returned to the work site briefly after having properly clocked out and with WGI's knowledge and/or consent.

20. On September 3, 2002, Mr. Baldwin returned from spending Labor Day weekend out of town. On that date, his plane was delayed in Atlanta, Georgia. This unavoidable delay caused him to arrive late for work. Despite the fact that he had documentation explaining the reason for his tardiness, WGI gave him a written warning and did not allow him the opportunity to explain. On numerous occasions, Mr. Baldwin and the others observed white employees arrive late to the work site. These white employees were not disciplined for their tardiness, even though WGI knew they had arrived late for work.

21. WGI also allowed Caucasian workers to break other rules with impunity such as possession of illegal substances and/or alcohol on the work site and/or fighting on the work site.

22. Mr. Henderson was terminated by the WGI after he complained about the racially-based harassment which was rampant on the WGI work site.

## V.
## COUNTS

### -- COUNT ONE --
### VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964 (WGI)

23. The Intervenor Plaintiffs hereby restate and incorporate all paragraphs of this Complaint and the Complaint filed by the EEOC as if fully stated herein.

24. WGI's practices deprived the Intervenor Plaintiffs of equal employment opportunities and adversely affected their employment because of their race and engagement in protected activities.

25. WGI's employment practices were intentional and/or were done with malice and/or reckless indifference to the rights of the Intervenor Plaintiffs.

26. As a result of WGI's actions, the Intervenor Plaintiffs have suffered damages.

## -- COUNT TWO --
## VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 151B
### (All Defendants)

27. The Intervenor Plaintiffs hereby restate and incorporate all paragraphs of this Complaint and the Complaint filed by the EEOC as if fully stated herein.

28. WGI is and/or was at all relevant times an employer as defined under M.G.L. c.151B.

29. The Intervenor Plaintiffs are all members of a protected class.

30. The Intervenor Plaintiffs performed the duties of their employment on no less than on a satisfactorily level, yet suffered disparate treatment by Defendants.

31. Defendants subjected the Intervenor Plaintiffs to adverse employment actions on the basis of race and/or nationality, including disparate application of company regulations and, ultimately, termination.

32. Following the Intervenor Plaintiffs' terminations, WGI sought to fill their positions with individuals possessing similar qualifications and/or skill sets and/or who performed their jobs less than satisfactorily, but who were not members of a protected class.

33. As a result of Defendants' actions, the Intervenor Plaintiffs have suffered damages.

## -- COUNT THREE --
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (All Defendants)

34. The Intervenor Plaintiffs hereby restate and incorporate all paragraphs of this Complaint and the Complaint filed by the EEOC as if fully stated herein.

35. Defendants intended to inflict emotional distress upon the Intervenor Plaintiffs and/or should have known that emotional distress was the likely result.

36. Defendants' actions were extreme, outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society.

37. Defendants caused the Intervenor Plaintiffs to suffer emotional distress.

38. The Intervenor Plaintiffs' distress was severe and no reasonable person could be expected to endure it.

39. As a result of the Defendants' actions, the Intervenor Plaintiffs have suffered damages.

## -- COUNT FOUR --
## VIOLATON OF MASSACHUSETTS CIVIL RIGHTS ACT (M.G.L. c.12, Section 11H) (All Defendants)

40. The Intervenor Plaintiffs hereby restate and incorporate all paragraphs of this Complaint and the Complaint filed by the EEOC as if fully stated herein.

41. Defendants' actions constituted a violation of M.G.L. c.12, Section 11H by virtue of their interference by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment of Intervenor Plaintiffs' rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth of Massachusetts.

42. As a result of the Defendants' actions, the Intervenor Plaintiffs have suffered damages.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, the Intervenor Plaintiffs request that this Honorable Court award the following relief:

a. Lost wages, back pay and other compensatory damages in an amount to be determined at trial;

b. Punitive damages;

c. Attorney's fees and costs;

d. Prejudgment interest;

e. All other relief prayed for in the Complaint filed by the EEOC and

e. Any other relief the Court deems fair and just.

## VII.
## DEMAND FOR TRIAL BY JURY

The Intervenor Plaintiffs, John Baldwin, Leonard Bell, Wayne Henderson and Johannes Kaindoh, hereby demand a trial by jury on all counts and issues so triable.

Respectfully submitted,
John Baldwin,
Leonard Bell,
Wayne Henderson and
Johannes Kaindoh
By their attorney,

Dated: November 23, 2004

Todd J. Bennett
BBO# 643185
Corrigan, Bennett & Belfort, P.C.
404 Main St., Suite One
Wilmington, MA 01887
(978) 988-1544