UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NUMBER: 04-12097GAO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
    Plaintiff,
and

JOHN BALDWIN, LEONARD BELL,
JOHANNES KAINDOH, WAYNE HENDERSON,
GODWIN ENAGBARE and JOE L. WILLIS,
    Intervenor Plaintiffs,

v.

WASHINGTON GROUP INTERNATIONAL, INC.,
RON BENNETT, MICHAEL FOGARTY, and
DENNIS WOODRUFF,
    Defendants.

## ANSWER OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC. TO THE COMPLAINT OF INTERVENOR PLAINTIFFS GODWIN ENAGBARE AND JOE L. WILLIS, AND JURY TRIAL DEMAND

Defendant Washington Group International, Inc. ("Washington Group" or "the Company") answers the Complaint of Intervenor Plaintiffs Godwin Enagbare and Joe Willis ("Intervenor Plaintiffs") as follows:

    1.    Paragraph 1 contains introductory statements, jurisdictional allegations, and legal conclusions to which no response is required. To the extent Paragraph 1 contains any factual allegations to which a response is required, Washington Group admits that Enagbare formerly was employed by Washington Group, that Enagbare and Willis formerly worked at the job site, and that Enagbare and Willis filed Charges with the U.S. Equal Employment Opportunity Commission ("EEOC"). Washington Group denies any remaining allegations in Paragraph 1.

2. Paragraph 2 correctly identifies the plaintiff as the EEOC. The remaining allegations in Paragraph 2 contain legal conclusions to which Washington Group is not obligated to respond. To the extent there are factual allegations in Paragraph 2 to which a response is required, Washington Group admits those allegations, on information and belief.

3. Washington Group is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, calls upon the Intervenor Plaintiffs to prove same.

4. Washington Group is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, calls upon the Intervenor Plaintiffs to prove same.

5. Admits that, during the relevant time period, it was doing business in the Commonwealth of Massachusetts.

6. Paragraph 6 contains jurisdictional allegations to which Washington Group is not obligated to respond. To the extent Paragraph 6 contains any factual allegations to which a response is required, Washington Group denies same.

7. Paragraph 7 contains jurisdictional allegations to which Washington Group is not obligated to respond. To the extent Paragraph 7 contains any factual allegations to which a response is required, Washington Group denies same.

8. Admits that Intervenor Plaintiff Enagbare is a member of a protected class and was employed at a job site located in Everett, Massachusetts, and denies the remaining allegations contained in Paragraph 8.

9. Denies the allegations in Paragraph 9.

10.    Washington Group is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies same.

11.    Admits that during the summer of 2002, there was graffiti present at the work site in Everett, Massachusetts, that Intervenor Plaintiff Enagbare complained to his supervisors that he was having difficulty working with other craft workers, and that on one occasion, Intervenor Plaintiff Enagbare reported that his tools had been stolen. Washington Group is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 11 (c), (d), (f), and (i) and, therefore, calls upon Intervenor Plaintiffs to prove same. Washington Group denies all remaining allegations contained in Paragraph 11 of the Complaint, including subparagraphs (a), (b), (e), (g), (h), (j) and (k) of Paragraph 11.

12.    Denies the allegations in Paragraph 12.

13.    Admits that during the summer of 2002, there was graffiti present at the work site in Everett, Massachusetts. Washington Group is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13(g) and, therefore, calls upon Intervenor Plaintiffs to prove same. Washington Group denies all remaining allegations contained in Paragraph 13 of the Complaint, including subparagraphs (a)-(f) and (h)-(i) of Paragraph 13.

### COUNT ONE – Title VII, Civil Rights Act of 1964

14.    Washington Group repeats and incorporates its answers to Paragraphs 1-13, and its answers and affirmative defenses to the Complaint of the Plaintiff, U.S. Equal Employment Opportunity Commission, as if fully stated herein.

15.    Denies the allegations in Paragraph 15.

16.    Denies the allegations in Paragraph 16.

17. Denies the allegations in Paragraph 17.

## COUNT TWO – M.G.L. c. 151B

18. Washington Group repeats and incorporates its answers to Paragraphs 1-17, and its answers and affirmative defenses to the Complaint of the Plaintiff, U.S. Equal Employment Opportunity Commission, as if fully stated herein.

19. Admits the allegations in Paragraph 19..

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Denies the allegations in Paragraph 21.

22. Denies the allegations in Paragraph 22.

23. Denies the allegations in Paragraph 23.

24. Denies the allegations in Paragraph 24.

## COUNT THREE – Intentional Infliction of Emotional Distress

25. Washington Group repeats and incorporates its answers to Paragraphs 1-24, and its answers and affirmative defenses to the Complaint of the Plaintiff, U.S. Equal Employment Opportunity Commission, as if fully stated herein.

26 . Denies the allegations in Paragraph 26 .

27. Denies the allegations in Paragraph 27.

28. Denies the allegations in Paragraph 28.

29. Denies the allegations in Paragraph 29.

30. Denies the allegations in Paragraph 30.

### COUNT FOUR – Loss of Consortium (Godwin Enagbare)

31.     Washington Group repeats and incorporates its answers to Paragraphs 1-30, and its answers and affirmative defenses to the Complaint of the Plaintiff, U.S. Equal Employment Opportunity Commission, as if fully stated herein.  Further answering, Washington Group states that it denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 regarding Enagbare's family relationship.  To the extent Paragraph 31 contains any factual allegations to which a response is required, Washington Group denies same.

### COUNT FIVE – M.G.L. c. 12, § 11H

32.     Washington Group repeats and incorporates its answers to Paragraphs 1-31, and its answers and affirmative defenses to the Complaint of the Plaintiff, U.S. Equal Employment Opportunity Commission, as if fully stated herein.

33.     Denies the allegations in Paragraph 33.

34.     Denies the allegations in Paragraph 34.

### FIRST AFFIRMATIVE DEFENSE

Intervenor Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any action taken by Washington Group affecting the Intervenor Plaintiffs was based on legitimate, non-discriminatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

At all times Washington Group acted in good faith with regard to the Intervenor Plaintiffs, had reasonable grounds for believing its actions were not in violation of law, and

would have made the same decisions regarding the employment of the Intervenor Plaintiffs in the absence of any alleged unlawful animus.

### FOURTH AFFIRMATIVE DEFENSE

Any action taken by Washington Group with respect to the Intervenor Parties was based on reasons other than race or protected activities.

### FIFTH AFFIRMATIVE DEFENSE

The Intervenor Plaintiffs have failed to mitigate any damages to which they might otherwise be entitled and for which Plaintiff, U.S. Equal Employment Opportunity Commission seeks to recover on their behalf in this action.

### SIXTH AFFIRMATIVE DEFENSE

Intervenor Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust administrative remedies and/or satisfy statutory prerequisites.

### SEVENTH AFFIRMATIVE DEFENSE

Any injuries allegedly suffered by the Intervenor Plaintiffs are due, in whole or in part, to the acts of individuals over whom Washington Group had no authority, responsibility, or control.

### EIGHTH AFFIRMATIVE DEFENSE

Any injuries allegedly suffered by the Intervenor Plaintiffs are due, in whole or in part, to their own misconduct.

### NINTH AFFIRMATIVE DEFENSE

All or part of Intervenor Plaintiffs' claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

To the extent Washington Group had any duties or obligations to the Intervenor Plaintiffs, the Company has performed and satisfied such duties and obligations.

**WHEREFORE,** Defendant Washington Group International, Inc. respectfully requests that Intervenor Plaintiffs' Complaint be dismissed, that the Company be awarded its costs and attorneys' fees, and that the Court grant such other and further relief as it deems just and appropriate.

**DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
DEMANDS A TRIAL BY JURY.**

WASHINGTON GROUP INTERNATIONAL, INC.,

By its attorneys,

/s/ Stephen T. Paterniti
Andrew C. Pickett BBO#549872
Stephen T. Paterniti BBO#64860
Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116
Telephone: (617) 367-0025

Dated: July 12, 2005

7