UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NUMBER: 04-12097GAO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
    Plaintiff,
and

JOHN BALDWIN, LEONARD BELL,
JOHANNES KAINDOH, WAYNE HENDERSON,
GODWIN ENAGBARE and JOE L. WILLIS,
    Intervenor Plaintiffs,

v.

WASHINGTON GROUP INTERNATIONAL, INC.,
RON BENNETT, MICHAEL FOGARTY, and
DENNIS WOODRUFF,
    Defendants.

**ANSWER OF DEFENDANTS WASHINGTON GROUP INTERNATIONAL, INC., RON BENNETT, MICHAEL FOGARTY, AND DENNIS WOODRUFF TO THE COMPLAINT OF INTERVENOR PLAINTIFFS JOHN BALDWIN, LEONARD BELL, JOHANNES KAINDOH, AND WAYNE HENDERSON, AND JURY TRIAL DEMAND**

    Defendants Washington Group International, Inc. ("Washington Group" or "the Company"), Ron Bennett, Michael Fogarty, and Dennis Woodruff (collectively, "Defendants") answer the Complaint of Intervenor Plaintiffs John Baldwin, Leonard Bell, Johannes Kaindoh and Wayne Henderson ("Intervenor Plaintiffs") as follows:

    1.    Paragraph 1 contains introductory statements, jurisdictional allegations, and legal conclusions to which no response is required. To the extent Paragraph 1 contains any factual allegations to which a response is required, Defendants admit that Intervenor Plaintiffs formerly were employed by Washington Group, that they formerly worked at the job site, and that they filed Charges with the Massachusetts Commission Against Discrimination and the U.S. Equal

Employment Opportunity Commission ("EEOC"). Defendants deny any remaining allegations in Paragraph 1.

2.   Paragraph 2 correctly identifies the plaintiff as the EEOC. The remaining allegations in Paragraph 2 contain legal conclusions to which Defendants are not obligated to respond. To the extent there are factual allegations in Paragraph 2 to which a response is required, Defendants admit those allegations, on information and belief.

3.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, call upon the Intervenor Plaintiffs to prove same.

4.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, call upon the Intervenor Plaintiffs to prove same.

5.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, call upon the Intervenor Plaintiffs to prove same.

6.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, call upon the Intervenor Plaintiffs to prove same.

7.   Paragraph 7 contains jurisdictional allegations to which Defendants are not obligated to respond. To the extent Paragraph 7 contains factual allegations to which Defendants are required to respond, Defendants admit that during the relevant time period, Washington Group was doing business in Massachusetts and had more than 15 employees. Defendants

further admit that Washington Group has a principal place of business in Boise, Idaho, but deny that Washington Group is organized under the laws of Ohio.

8.  Admit the allegations in Paragraph 8, except to deny that Mr. Bennett is a resident of Massachusetts.

9.  Admit that Mr. Fogarty resides in the Commonwealth of Massachusetts, and deny the remaining allegations as inapplicable to Mr. Fogarty, as they reference Mr. Bennett.

10. Deny that Mr. Woodruff resides in Massachusetts, and Defendants deny the remaining allegations as inapplicable to Mr. Woodruff, as they reference Mr. Bennett.

11. Paragraph 11 contains jurisdictional allegations to which Defendants are not obligated to respond. To the extent Paragraph 11 contains any factual allegations to which a response is required, Defendants deny same.

12. Paragraph 12 contains jurisdictional allegations to which Defendants are not obligated to respond. To the extent Paragraph 12 contains any factual allegations to which a response is required, Defendants deny same.

13. Admit that the Intervenor Plaintiffs were at various times and for varying periods employed at a job site located in Everett, Massachusetts. Defendants deny the remaining factual allegations in Paragraph 13.

14. Deny the allegations in Paragraph 14.

15. Deny the allegations in Paragraph 15.

16. Deny the allegations in Paragraph 16.

17. Admit that the union steward, Elmer "Buddy" Bernard, advised Michael Fogarty that Victor Ussow had used the word "nigger' in a break trailer at the work site. Defendants deny all remaining allegations made in Paragraph 17.

18. Deny the allegations in Paragraph 18.

19. Admit that the employment of Intervenor Plaintiffs Bell and Kaindoh was terminated for cause in or around August, 2002. Defendants deny the remaining factual allegations in Paragraph 19. Defendants expressly deny that they ever engaged in unlawful conduct with respect to Intervenor Plaintiffs Bell and Kaindoh.

20. Deny the allegations in Paragraph 20.

21. Deny the allegations in Paragraph 21.

22. Admit that Intervenor Plaintiff Henderson was laid off as part of a reduction in force in or around October, 2002. Defendants deny the remaining factual allegations in Paragraph 22. Defendants expressly deny that they ever engaged in unlawful conduct with respect to Intervenor Plaintiff Henderson.

**COUNT ONE – Title VII, Civil Rights Act of 1964 (against Washington Group)**

23. Defendants repeat and incorporate their answers to Paragraphs 1-22, and their answers and affirmative defenses to the Complaint of the Plaintiff, U.S. Equal Employment Opportunity Commission, as if fully stated herein.

24. Deny the allegations in Paragraph 24.

25. Deny the allegations in Paragraph 25.

26. Deny the allegations in Paragraph 26.

### COUNT TWO – M.G.L. c. 151B (against all defendants)

27.  Defendants repeat and incorporate their answers to Paragraphs 1-26, and their answers and affirmative defenses to the Complaint of the Plaintiff, U.S. Equal Employment Opportunity Commission, as if fully stated herein.

28.  Admit the allegations in Paragraph 28.

29.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 29.

30.  Deny the allegations in Paragraph 30.

31.  Deny the allegations in Paragraph 31.

32.  Deny the allegations in Paragraph 32.

33.  Deny the allegations in Paragraph 33.

### COUNT THREE – Intentional Infliction of Emotional Distress (against all defendants)

34-39.  Intervenor Plaintiffs have filed or will file, a Notice of Dismissal voluntarily dismissing Count Three with prejudice pursuant to Fed.R.Civ.P. 41(1)(a)(i). Therefore, no response to Paragraphs 34-39 is required.

### COUNT FOUR – M.G.L. c. 12, § 11H (against all defendants)

40-42.  Intervenor Plaintiffs have filed or will file, a Notice of Dismissal voluntarily dismissing Count Four with prejudice pursuant to Fed.R.Civ.P. 41(1)(a)(i). Therefore, no response to Paragraphs 40-42 is required.

### FIRST AFFIRMATIVE DEFENSE

Intervenor Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any action taken by Defendants affecting the Intervenor Plaintiffs was based on legitimate, non-discriminatory business reasons.

## THIRD AFFIRMATIVE DEFENSE

At all times Defendants acted in good faith with regard to the Intervenor Plaintiffs, had reasonable grounds for believing their actions were not in violation of law, and would have made the same decisions regarding the employment of the Intervenor Plaintiffs in the absence of any alleged unlawful animus.

## FOURTH AFFIRMATIVE DEFENSE

Any action taken by Defendants with respect to the Intervenor Parties was based on reasons other than race or protected activities.

## FIFTH AFFIRMATIVE DEFENSE

The Intervenor Plaintiffs have failed to mitigate any damages to which they might otherwise be entitled and for which Plaintiff, U.S. Equal Employment Opportunity Commission seeks to recover on their behalf in this action.

## SIXTH AFFIRMATIVE DEFENSE

Intervenor Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust administrative remedies and/or satisfy statutory prerequisites.

## SEVENTH AFFIRMATIVE DEFENSE

Any injuries allegedly suffered by the Intervenor Plaintiffs are due, in whole or in part, to the acts of individuals over whom Defendants had no authority, responsibility, or control.

## EIGHTH AFFIRMATIVE DEFENSE

Any injuries allegedly suffered by the Intervenor Plaintiffs are due, in whole or in part, to their own misconduct.

## NINTH AFFIRMATIVE DEFENSE

All or part of Intervenor Plaintiffs' claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

To the extent Defendants had any duties or obligations to the Intervenor Plaintiffs, Defendants have performed and satisfied such duties and obligations.

**WHEREFORE,** Defendants Washington Group International, Inc., Ron Bennett, Michael Fogarty, and Dennis Woodruff respectfully request that Intervenor Plaintiffs' Complaint be dismissed, that Defendants be awarded their costs and attorneys' fees, and that the Court grant such other and further relief as it deems just and appropriate.

**DEFENDANTS DEMANDS A TRIAL BY JURY.**

WASHINGTON GROUP INTERNATIONAL, INC.,
RON BENNETT, MICHAEL FOGARTY,
and DENNIS WOODRUFF,

By their attorneys,

/s/ Stephen T. Paterniti
Andrew C. Pickett BBO#549872
Stephen T. Paterniti BBO#64860
Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116
Telephone: (617) 367-0025

Dated: July 12, 2005