UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> JOHN BALDWIN, LEONARD BELL, JOHANNES KAINDOH AND WAYNE HENDERSON, JOE L. WILLIS and GODWIN ENAGBARE <br><br> Intervenor-Plaintiffs <br><br> -against- <br><br> WASHINGTON GROUP INTERNATIONAL, INC. <br><br> Defendant. | Civil Action No. 04-12097-GAO |

## STIPULATION REGARDING MEDICAL RECORDS OF PLAINTIFF-INTERVENROR, GODWIN ENAGBARE

Defendant, Washington Group International, Inc. ("WGI"), Plaintiff EEOC and Plaintiff-Intervenor, Godwin Enagbare ("Plaintiff-Intervenor Enagbare"), pursuant to Fed. R. Civ. P. 26(c), stipulate that a Protective Order should issue as follows:

1. This Protective Order shall apply to all documents, bills, prescriptions, notes, things, and other material or information concerning medical records, hospital records, clinical records, or counseling records produced by Plaintiff and/or Plaintiff-Intervenor Enagbare in the above referenced case.

1

2. The documents and materials produced by Plaintiff and Plaintiff-Intervenor Enagbare to counsel for WGI pursuant to ¶1 of this Stipulated Protective Order and Order shall not be published, orally, by copy, or by any means, to any person other than the Court, Defense counsel, the "Designees of Defendant," which shall only include persons assisting with the defense of this matter with authority to instruct Defense counsel with respect to litigation or settlement or experts or consultants retained by WGI in defense of this matter. A list of Defendant's designees which has been approved by all parties is attached as **Exhibit A** hereto. The parties agree that any of the documents and materials produced by Plaintiffs to WGI counsel pursuant to ¶ 1shall be filed under seal if attached to any motion or memorandum in this case.

3. By approval of this Protective Order, the parties identified in ¶ 2 of this Stipulated Protective Order agree to be bound by the conditions of this Protective Order.

4. Execution of this Protective Order does not constitute a waiver of any objections raised or which can be raised in the future by Plaintiffs to the production of any documents or information even if such documents or information are encompassed within this Protective Order.

5. Any party may by motion to the Court seek to modify the list of persons entitled to receive Confidential Material, or otherwise seek revision of or relief from this Protective Order, but no party shall be so relieved other than by Court order or written agreement of counsel for the parties.

DATED this _____ day of _____, 2006.

BY THE COURT:

_____
George A. O'Toole
U.S. District Court Judge


Date signed by all parties:
    October 6, 2006
    Boston, Massachusetts

Date submitted to the Court:
    December 4, 2006
    Boston, Massachusetts

*Submitted by R. Liliana Palacios-Baldwin on behalf of and with the approval of the noted parties:*

**/s/ R. Liliana Palacios-Baldwin** (MA 640786)
Senior Trial Attorney
EEOC/Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203
Tel: (617) 565-3188
Fax: (617) 565-3196
Rosa.baldwin@eeoc.gov


**/s/ Jacques Dessin, Esq.**
Jacques Dessin, Esq.
236 Huntington Ave.
Suite 302-302
Boston, MA 02115
Tel: (617) 262-4800
Fax: (617) 262-4805
jdessin@hotmail.com


**/s/ Stephen Paterniti, Esq.**
Jackson Lewis
75 Park Plaza
Boston, MA 02116
Tel: (617) 367-0025
Fax: (617) 367-215

## CERTIFICATE OF SERVICE

  I, R. Liliana Palacios-Baldwin, hereby certify and affirm that on the 4th of December, 2006, I electronically filed this Stipulation and sent copies to Attorneys Dessin and Paterniti via U.S. Mail.

**/s/ R. Liliana Palacios-Baldwin**
Senior Trial Attorney

Dated: December 4th 2006

**EXHIBIT A**

(1) Stephen Paterniti, Esq.

(2) Andrew Pickett, Esq.

(3) Kavita Goyal, Esq.

(4) Robert Berlin, Esq.