UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>JOHN BALDWIN, LEONARD BELL, )<br>JOHANNES KAINDOH AND WAYNE )<br>HENDERSON, JOE L. WILLIS and )<br>GODWIN ENAGBARE )<br>)<br>Intervenor-Plaintiffs )<br>)<br>-against- )<br>)<br>)<br>WASHINGTON GROUP )<br>INTERNATIONAL, INC. )<br>)<br>Defendant. ) | Civil Action No. 04-12097-GAO |

## THIRD JOINT MOTION FOR EXTENSION OF TIME FOR DISCOVERY

Plaintiff EEOC, Plaintiff-Intervenors, and Defendant Washington Group International jointly move this Court for an additional ninety days to complete discovery. The parties respectfully request this extension in recognition of the fact that despite their best efforts, the discovery in this case cannot be completed by the current deadline January 15, 2007. In addition, recent events have necessitated a change of counsel at both the EEOC and for individual Defendants Michael Fogarty and Dennis Woodruff.

On June 23, 2006, the parties in the above captioned case requested an additional five months to conduct limited discovery in this case to prepare the case for a private mediation that took place on October 31, 2006, and to provide for negotiations following the October 31

mediation that the parties expected would result in resolution of this matter.  If the mediation failed to resolve the case, the parties further requested a status conference following a failed mediation to discuss any remaining discovery to be completed and the management of the case's discovery schedule, to include additional time for discovery.[1]  On June 26, 2006, the Court granted the parties' request for an extension on discovery from August 16, 2006 until January 15, 2007, but specified that no further continuances would be allowed.  The Court has since scheduled a status conference for February 1, 2006.

The mediation and continued negotiations following the mediations were unsuccessful.  Recognizing the Court's unequivocal notice that no further continuances would be allowed, the parties have made their best efforts to complete the discovery necessary in this case by the January 15, 2007 deadline.  For example, the parties have scheduled as many depositions as possible despite the limited availability of counsel and deponents in the months leading to the holidays and shortly thereafter, and working through as many discovery disputes and outstanding discovery issues that remained unresolved.  However, despite their best efforts and as a result of a variety of scheduling problems, as well as the fact that recent depositions have led to the need for further discovery, the parties have concluded that it will be impossible to complete discovery in this case by January 15, 2007.[2]

Nonetheless, the parties anticipate they will only require an additional ninety days to complete discovery in this case.  In this regard, the parties respectfully request an extension of ninety days to complete discovery in this case from January 15, 2007 to April 16, 2007.  The parties also request that the filing of dispositive motions not be calendared until May 16, 2007, to

---

[1] The parties agreed to hold off on the vast majority of depositions prior to mediation in order to save resources for settlement purposes.

[2] As a result of a variety of discovery issues the parties believe they will be able to resolve, various depositions have not been concluded and may require additional deposition dates.  In addition, a number of depositions have not yet been taken.

allow for thirty days of settlement discussions at the close of the discovery period prior to the planning and filing of any dispositive motions.

In support of this Joint Motion for Extension of Time, the parties state as follows:

1.  This case, filed by the EEOC on September 30, 2004, is a class race discrimination case brought on behalf of six named African-American employees and all similarly situated employees affected by Defendant's discriminatory practices. The allegations in the EEOC's complaint arose while Defendant was general contractor at the Sithe Mystic power plant in Everett, Massachusetts. The six Plaintiff-Intervenors are the original Charging Parties in the EEOC's lawsuit.

2.  Discovery in this case has been uniquely time consuming and the structure of the case – a class case – is complex. In addition to this case being a large, complex case, it also has presented many scheduling challenges. Each of the Charging Parties/Intervenor-Plaintiffs, many of the additional claimants identified to date by the EEOC,[3] and most of both defense and plaintiff witnesses in this case were "travelers" to this area when employed by Defendant. This means they do not reside in the Massachusetts area and only came to Massachusetts for work. Coordinating schedules and travel plans for depositions, in addition to the coordination of the schedules of the four counsel of record and corporate representatives, has proven to be very difficult, and has resulted in rescheduling of some depositions.[4] Distance and time zone differences have also lengthened the time necessary for completing discovery responses.

---

[3] The EEOC has to date identified fifteen additional claimants; these individuals reside in various cities in Texas, Louisiana, Pennsylvania, Florida, Ohio, and some in Massachusetts.

[4] For example, deposition dates in November were lost due to an inability to schedule and confirm deponents for dates where counsel were available, and a deposition date in November was lost due to Defendant counsel's need to appear in court for finalizing adoption of his daughter.

3.      Notwithstanding the complexity, size, and scheduling challenges in this case, the parties have been actively involved in the discovery phase of the case, facing the aforementioned challenges as best possible.  Since filing, the following has been accomplished: (1) the parties have exchanged initial disclosures and supplemented them several times; (2) the parties have served various sets of interrogatories and document requests and have made significant efforts to comply with these requests; (3) Defendant has largely completed the depositions of each of the six Charging Parties/Intervenor-Plaintiffs and those of three additional claimants[5]; (4) the EEOC has identified fifteen additional claimants in this class lawsuit and has updated its initial disclosures to Defendant in that regard; (5) Plaintiffs have taken a two-day deposition of a key defense witness and six additional management depositions, in addition to serving notices for an additional 8 depositions, three of which the parties hope to completed in late December, and three of which are currently scheduled for completion in January[6]; (6) Defendants have also served notices for an additional 12 depositions, 3 of which were taken in October in anticipation of the scheduled mediation (and which may be re-opened as a result), three of which the parties are trying to schedule for December (subject to the availability of deponents during the holiday season) and the remainder which would have to be scheduled for completion in January – an impossible task;[7] the parties may also still notice additional depositions where necessary[8]; finally, (7) the parties spent a considerable amount of time preparing for and participating in a

---

[5] The parties are currently in discussions regarding Defendant's desire to re-open these depositions as many were not concluded as a result of discovery issues that remained to be resolved at the time the depositions were taken, while others were abbreviated and not concluded with hopes the case would be successfully mediated.

[6] Many of these depositions are subject to deponents appearing in response to subpoenas.  If deponents do not appear – as EEOC counsel believe may happen in at least one December deposition – enforcement proceedings may have to be commenced and the deposition rescheduled.

[7] The depositions noticed by Defendant are those of EEOC claimants that are outside of Massachusetts and will require significant planning and travel for counsel and/or deponents.

[8] Along these lines, numerous potential witness have been identified in discovery that have either proved difficult to locate and/or non-responsive to Defendant's attempts to communicate with them.  WGI may therefore need to resort to issuing subpoenas for depositions of these individuals.

full day mediation in this case that took place on October 31, 2006, and follow-up negotiations that unfortunately have not resulted in resolution.  It should be noted that following the unsuccessful mediation discussions the parties resumed depositions promptly on November 13, 2006 and have continued thereafter on the dates available for the deponents and counsel of record.  Since then, lead counsel for the EEOC and WGI have spent a majority of their time dedicated to this case.

4.    By January 15, 2007, the parties anticipate that they will have completed at minimum 20 depositions.  The parties anticipate that approximately 10-15 additional depositions will have to be completed after the January 15, 2007 discovery deadline and that at least one set of written discovery will have to be completed following the completion of depositions, in addition to time necessary to facilitate the resolution by the parties of any discovery disputes or issues that may arise.

5.    In addition, a change in representation of individual defendants Fogarty and Woodruff is in process.  This change was necessitated by a potential conflict of interest posed by continued joint representation of these two individuals by counsel for WGI and individual Defendant Ron Bennett.  Further, lead counsel for the EEOC is due to begin maternity leave in early January 2007, necessitating transfer of this complex and involved case to her colleague at the EEOC.

WHEREFORE, the parties request that this Joint Motion for an extension of the discovery period until April 16, 2007 with dispositive motions to be scheduled no earlier than May 16, 2007, be granted.

Dated: December 13, 2006

Respectfully submitted on behalf of and with the authority of Defendant and Plaintiff Interveners' counsel to this action,



**/s/ R. Liliana Palacios-Baldwin**
Senior Trial Attorney
MA BBO 640786
Equal Employment Opportunity Commission
Boston Area Office
JFK Federal Building, Room 475
Government Center
Boston, MA 02203-0506
Tel: (617) 565-3188
Fax: (617) 565-3196

## CERTIFICATE OF SERVICE

I, R. Liliana Palacios, hereby certify that on this 13th day of December 2006, I caused a copy of the above document to be mailed, postage prepaid, to all the attorneys of record in the above captioned case and electronically filed this document with the Court:

                                              **/s/ R. Liliana Palacios-Baldwin**
                                              Senior Trial Attorney