**<u>EXHIBIT   H</u>**

2005 U.S. Dist. LEXIS 40720, *; CCH Prod. Liab. Rep. P17,295

110GJ3

1 of 1 DOCUMENT



Analysis
As of: Jan 11, 2007

PAMELA A. VAN DEN ENG, individually and as Personal Representative of the
ESTATE OF PATRICK J. VAN DEN ENG, Plaintiff, v. THE COLEMAN
COMPANY, INC., et al., Defendants.

Case No. 05-MC-109-WEB-DWB, (U.S. Dist. Ct., E.D. Wis. Case No 03-C-0504)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

2005 U.S. Dist. LEXIS 40720; CCH Prod. Liab. Rep. P17,295

October 21, 2005, Decided
October 21, 2005, Filed

**SUBSEQUENT HISTORY:** Summary judgment denied by, Motion to strike denied by, in part, Motion to strike granted by, in part *Van Den Eng v. Coleman Co., 2006 U.S. Dist. LEXIS 38557 (E.D. Wis., June 9, 2006)*

**PRIOR HISTORY:** *Van Den Eng v. Coleman Co., 2005 U.S. Dist. LEXIS 41748 (E.D. Wis., Sept. 23, 2005)*

**COUNSEL:** **[*1]** For Pamela A. Van Den Eng, Individually and as a Personal Representative of the on behalf of Estate of Patrick J. Van Den Eng, Plaintiff: David H Weber, George Burnett, Liebmann Conway Olejniczak & Jerry SC, Green Bay, WI; Mark N Stageberg, Stageberg Law Office, Minnetonka, MN.

For The Coleman Company, Inc., Defendant: Kenneth R. Lang, Scott R. Schillings, Cozen & O'Connor -- Wichita, Wichita, KS.

For Karen Drossart, Individually and as a Personal Representative of the Estate of Dean Drossart, Consolidated Plaintiff: Henry F McRoberts, Roy P Polich, Polich Polich Tousignant and McRoberts PC, Iron River, MI; Jordan P Blad, Alpert & Fellows LLP, Manitowoc, WI.

For The Coleman Company, Defendant: Amy M Decker, Kenneth R Lang, Scott R Schillings, Cozen O'Connor, Wichita, KS; Pamela M Schmidt, Thomas J Arenz, Whyte Hirschboeck Dudek SC, Milwaukee, WI.

**JUDGES:** DONALD W. BOSTWICK, United States Magistrate Judge.

**OPINION BY:** DONALD W. BOSTWICK

**OPINION:**

### MEMORANDUM AND ORDER

The above referenced case is a product liability/wrongful death action pending in the Eastern District of Wisconsin. Before the Court is The Coleman Company, Inc.'s Motion for Protective Order Regarding the Deposition **[*2]** of William L. Phillips. (Doc. 1.) n1 Coleman seeks a protective order to prevent Pamela Van Den Eng from deposing Phillips, Coleman's former CEO, arguing that Phillips has no unique personal information regarding the facts of this case and that Van Den Eng has failed to pursue less burdensome avenues for obtaining the information they seek. Van Den Eng responds that Phillips does possess information that is relevant to this case and that it would not be unduly burdensome for Phillips to be deposed. (Doc. 5.) Coleman filed a reply. (Doc. 8.)

> n1 Plaintiff has complained that Defendants' filing of this motion in the District of Kansas is an inappropriate "end run" around the jurisdiction of the Eastern District of Wisconsin. (Doc. 5 at 8.) Defendants correctly note that *Fed. R. Civ. P. 26(c)* authorizes the filing of a motion for protective order relating to a deposition "in the district where the deposition is to be taken." (Doc. 8 at 5.) Plaintiff admits that this procedure is "techni-

Case 1:04-cv-12097-MBB    Document 32-12    Filed 01/11/2007    Page 3 of 5

Page 2

2005 U.S. Dist. LEXIS 40720, *; CCH Prod. Liab. Rep. P17,295

cally" permissible. (Doc. 5 at 8.) The Court finds no fault with Defendants for filing their motion in this district.

**[*3]**

### BACKGROUND

Van Den Eng filed suit against Coleman, alleging that Coleman is liable for the death of her husband. n2 Her husband died while using a Coleman Powermate Model 5012 propane radiant heater inside a hunting shack while they slept. Coleman claims that the heater contained proper warnings against using the heater under such conditions.

> n2 Karen Drossart filed a separate suit for the death of her husband in the same incident. The two cases have been consolidated. However, only Van Den Eng is pursuing the deposition of Phillips. Drossart did not oppose this motion for protective order.

Van Den Eng seeks to depose Phillips, who was employed by Coleman beginning in 1978 and was CEO from 1998 to March, 2004. Phillips left his employment with Coleman after March, 2004. Coleman argues that a protective order precluding the taking of Phillips' deposition should be granted because Phillips was a corporate executive and, as such, should not be deposed unless Van Den Eng can show that (1) Phillips has unique **[*4]** or special knowledge of the facts at issue and (2) Van Den Eng has exhausted other less burdensome avenues for obtaining the information sought. Coleman provided a 2002 affidavit of Phillips, which states that Phillips was not "directly involved in the design, development, production management, or marketing of Coleman propane radiant heaters." (Doc. 2, Ex. 3 at P 11.) Coleman further states that Van Den Eng had the opportunity to depose lower level employees at the time that Phillips' original deposition was scheduled. Some of those deponents suggested that Phillips did not have any involvement in the development of the subject heaters and would probably not know the reason that the heaters were discontinued.

Van Den Eng responds that Phillips is no longer the CEO for Coleman and is not entitled to any special protection. Van Den Eng further argues that Phillips likely possesses relevant information relating to the design and development of the product and unique information on product recall and corrective action, and that his affidavit to the contrary was made for different litigation over three years ago. In support of her assertion that Phillips possesses relevant personal information **[*5]** relating to this case, Van Den Eng states that Phillips was copied on

a Coleman internal memorandum discussing the development of the heater involved in this case, Phillips was the CEO at the time that the heater in question was purchased and when Van Den Eng died, and Phillips was in charge of making product correction and recall decisions.

### DISCUSSION

**A. THE DEPOSITION OF MR. PHILLIPS**

The Court has "broad discretion regarding its control of discovery." *Gaines v. Ski Apache, 8 F.3d 726, 730 (10th Cir. 1993).* Such discretion is only abused when denial of discovery precludes a fair trial. *Id.*

*Fed. R. Civ. P. 26(c)* provides that the Court may, upon a showing of good cause, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause for it. *Reed v. Bennett, 193 F.R.D. 689, 691 (D. Kan. 2000).* To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory **[*6]** statements." *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc., 2002 U.S. Dist. LEXIS 8134, Case No. 01-2009, 2002 WL 922082, at *1 (D. Kan. May 2, 2002)* (quotations and citations omitted). The decision to enter a protective order is within the Court's discretion. *Id.*

While the Court may grant a protective order prohibiting the taking of a deposition when it believes that the information sought is wholly irrelevant to the issues in the case, the normal practice of this Court is to deny motions that seek to entirely bar the taking of a deposition. *Horsewood v. Kids "R" Us, 1998 U.S. Dist. LEXIS 13108, Case No. 97-2441, 1998 WL 526589, at *5 (D. Kan. Aug. 13, 1998).* Granting a protective order that totally prohibits a deposition is considered a drastic action that will not be taken absent extraordinary circumstances. *Id.*

The Court rejects Coleman's assertion that high-level corporate executives ("Apex Officials") cannot be deposed unless the party seeking the deposition can show that (1) the executive has unique or special knowledge of the facts at issue and (2) the seeking party has exhausted other less burdensome avenues for obtaining the information sought.

First, Phillips **[*7]** is no longer working for Coleman, militating against the application of the Apex doctrine in this case. One purpose cited for use of the Apex doctrine is to protect high-level officials from harassing discovery efforts that would hinder their corporate responsibilities. Here, Phillips has no corporate responsibilities with which to interfere. n3

2005 U.S. Dist. LEXIS 40720, *; CCH Prod. Liab. Rep. P17,295

n3 Phillips current occupation, if any, is unknown, and Defendants fail to even argue that this deposition would interfere with any current responsibilities he might have.

Furthermore, while the state court cases, interpreting state law, cited by Coleman n4 may support Plaintiff's assertion that the Apex doctrine is a mandatory threshold inquiry, the Court is unaware of any federal case, interpreting the Federal Rules of Civil Procedure, that has adopted such an absolute threshold test that must be met before Apex Officials can be deposed. n5 To be sure, the Tenth Circuit has never adopted any special test for such executives.

n4 *See Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128, 38 Tex. Sup. Ct. J. 986 (Tex. 1995) ("If the party seeking the deposition cannot show that the official has any unique or superior personal knowledge of discoverable information, the trial court should grant the motion for protective order and first require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods."); *Liberty Mutual Ins. Co. v. Superior Court*, 10 Cal. App. 4th 1282, 13 Cal. Rptr. 2d 363, 365 (Cal. Ct. App. 1992) ("We conclude it amounts to an abuse of discretion to withhold a protective order when a plaintiff seeks to depose a corporate president, or corporate officer at the apex of the corporate hierarchy, absent a reasonable indication of the officer's personal knowledge of the case and absent exhaustion of less intrusive discovery methods."),

[*8]

n5 Notably, the trial judge handling this case in the Eastern District of Wisconsin denied a similar motion filed by Defendants regarding Plaintiff's ability to depose Coleman's Senior Vice President and in-house counsel, Kenneth Bell. *See Van Den Eng v. Coleman Company*, 2005 U.S. Dist. LEXIS 41748, Case No. 03-0504, at 5 (E.D.Wis. September 23, 2005) [slip op.] (noting that Defendants failed to cite any Seventh Circuit authority in support of the "so-called" Apex doctrine, but holding that Plaintiff could satisfy the test, anyway).

The Tenth Circuit case directly addressing this issue suggests that motions for protective orders for Apex Officials are treated under the same standards as any other protective order, while taking into consideration special factors that may apply to such officials. *See Thomas v. International Business Machines*, 48 F.3d 478, 483-484 (10th Cir. 1995) (citing *Fed. R. Civ. P. 26(c)* as the standard for determining whether the district court abused its discretion in granting a protective order to preclude the deposition [*9] of an Apex Official and considering such factors as the executive's knowledge of the issues in the case, the availability of direct supervisors and lower-level managers for deposition, and scheduling conflicts). In *Thomas*, the Tenth Circuit held that the district court did not abuse its discretion in granting a protective order to the chairman of the board of directors of the defendant when the chairman claimed that he lacked any personal knowledge of Thomas or her employment, the deposition notice was procedurally deficient, the scheduled deposition date conflicted with the chairman's schedule, plaintiff waited until the eleventh hour to serve the notice and failed to depose any of the defendant's other personnel, including her direct supervisors, and plaintiff made no attempt to show that the information sought could not be obtained from other sources. The Tenth Circuit found that after it added all of these "factors," it was clear that the district court did not abuse its discretion. *Id. at 484*.

Subsequent cases from this district have also applied the usual protective order standards when considering Apex Official depositions. *See Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, 2002 U.S. Dist. LEXIS 8134, Case No. 01-2009, 2002 WL 922082, at *3 (D. Kan. May 2, 2002) [*10] (holding that the defendant failed to show good cause for a protective order preventing the taking of depositions of two of its Apex Officials); *Simpson v. Home Depot, Inc.*, 2002 U.S. Dist. LEXIS 5644, Case No. 00-2285, 2002 WL 485661, at *2 (D. Kan. March 7, 2002) (holding that the defendant failed to show "severe hardship" or "undue burden" to prevent the taking of an Apex Official's deposition despite the fact that the plaintiff did not first seek the information from lower-level employees). At least one case from this district expressly rejected a defendant's argument that an Apex Official's "status as a corporate officer supports a showing of good cause for the requested protective order." *Horsewood v. Kids "R" Us*, 1998 U.S. Dist. LEXIS 13108, Case No. 97-2441, 1998 WL 526589, at *6 (D. Kan. Aug. 13, 1998) (stating, with reference to the defendants citation to *Thomas* and other, similar cases, that "[t]hese cases do not help defendant").

In this case, Coleman does not argue that Phillips is too busy to be deposed, that scheduling conflicts precluded the taking of Phillips' deposition on the noticed date, or that the deposition is intended to harass [*11]

Case 1:04-cv-12097-MBB    Document 32-12    Filed 01/11/2007    Page 5 of 5

Page 4

2005 U.S. Dist. LEXIS 40720, *; CCH Prod. Liab. Rep. P17,295

Coleman. Coleman further does not argue that Van Den Eng's proposal to take the depositions in Wichita is burdensome or inconvenient. Coleman's only argument is that Phillips does not possess any unique information relevant to the issues in this case. n6

> n6 Coleman did argue in its original motion that Van Den Eng had not yet even attempted to depose any lower-level employees. However, Coleman acknowledges in its reply brief that Van Den Eng deposed several lower-level employees at the time that Phillips' original deposition was scheduled. That argument is, therefore, moot.

While the evidence recited by Van Den Eng to show that Phillips possesses unique information relevant to this matter is weak, the Court cannot say unequivocally that the deposition is not "reasonably calculated to lead to the discovery of admissible evidence." *Fed. R. Civ. P. 26(b)(1)*. Phillips was copied on a memorandum regarding the design and development of the subject heaters, which provides a reasonable, **[\*12]** if not strong, basis for believing that Phillips may have some personal, unique information.

Phillips' affidavit, stating that he has no personal knowledge of the design and development of the subject heaters, does not preclude the taking of his deposition. *See **Horsewood**, 1998 U.S. Dist. LEXIS 13108, 1998 WL 526589, at \*6* (denying a protective order for an Apex Official where the deposition was reasonably calculated to lead to discoverable evidence, despite the Apex Official's claim that he lacked any relevant personal knowledge). "As a general rule a party seeking discovery may test an asserted lack of knowledge." *Id.*

Absent any argument that the taking of Phillips' deposition would impose some hardship and finding that the deposition is reasonably calculated to lead to the discovery of admissible evidence, the Court cannot grant Coleman the extraordinary relief of completely denying the taking of Phillips' deposition. However, because the evidence concerning Phillips' knowledge of relevant information is weak, there is a basis for entering a protective order that limits the duration of his deposition. Accordingly, the Court, pursuant to its authority under *Fed. R. Civ. P. 26(c)(2)* **[\*13]** , will limit the deposition of Phillips to a total of **four hours** in length, excluding any time for breaks. This should provide a more that sufficient opportunity for Van Den Eng to challenge Defendants's claim that Phillips lacks personal information relating to the issues in this case.

**B. COSTS AND FEES**

Van Den Eng has requested costs and fees incurred defending this motion and expenses associated with rescheduling and taking Phillip's deposition. *Rule 26(c)* states that the provisions of *Rule 37(a)(4)(C)* apply concerning the award of expenses incurred in connection with a motion for a protective order. *Rule 37(a)(4)(C)* provides that

> [i]f the motion is granted in part and denied in part, the court may . . . after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

In this case, the Court believes that it would not be just to award costs or fees to either party. Thus, the Court finds that the parties should bear their own costs and expenses in connection with this motion and the taking of Mr. Phillips' deposition. If either party believes that **[\*14]** the Court has not been properly informed of all of the relevant information in making this decision, that party may file a motion for reconsideration of the fee and expense issue within **10 days** of the date of this Order, requesting a hearing on the matter of costs and expenses.

**CONCLUSION**

The Coleman Company, Inc.'s Motion for Protective Order Regarding the Deposition of William L. Phillips (Doc. 1) is DENIED to the extent that it seeks to entirely prohibit the taking of Phillips' deposition, and is GRANTED to the extent that Plaintiff's taking of Phillips' deposition is limited to a total of **four hours**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 21st day of October, 2005.

s/ Donald W. Bostwick

United States Magistrate Judge