**EXHIBIT   J**

Case 1:04-cv-12097-MBB    Document 32-14    Filed 01/11/2007    Page 2 of 8

Page 1
1998 U.S. Dist. LEXIS 13108, *

110GJ3

LEXSEE 1998 U.S. DIST. LEXIS 13108



Analysis
As of: Jan 11, 2007

**MARIA HORSEWOOD, Plaintiff, v. KIDS "R" US, d/b/a Toys "R" US - Delaware, Inc., Defendant.**

**CIVIL ACTION No: 97-2441-GTV**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

*1998 U.S. Dist. LEXIS 13108*

**August 13, 1998, Decided**
**August 13, 1998, Filed, Entered on the Docket**

**NOTICE: [*1]** FOR ELECTRONIC PUBLICATION ONLY

**DISPOSITION:** Motion to Amend Plaintiff's Suggestions in Opposition to Defendant's Motion for Protective Order Pursuant to *Fed. R. Civ. P. 26(c)* (doc. 49) sustained as uncontested and both Plaintiff's Motion for Protective Order (doc. 28) and Defendant's Motion for Protective Order (doc. 32) deemed moot in part and denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Pursuant to *Fed. R. Civ. P. 26(c)*, the plaintiff, terminated employee, sought an order directing her continued deposition for a convenient date and limited to six hours. The defendant, former employer, sought an order precluding the deposition of its vice president of human resources or, in the alternative, directing that it be taken on a convenient date.

**OVERVIEW:** The plaintiff, terminated employee, asserted that the defendant, former employer, engaged in unlawful employment practices in violation of Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991. The former employer denied the allegations and asserted that it terminated the plaintiff for a legitimate, non-discriminatory reason. During the course of discovery, both the terminated employee and the former employer moved for protective orders. The court denied the terminated employee's motion to the extent it sought to limit her continued deposition to six hours. The terminated employee offered no evidence to substantiate her assertions. She provided no details as to the harassment or intimidation she would face should the continued deposition require more than six hours. The court also denied the former employer's motion because the terminated employee had the right to seek discovery against the human resources vice president, even if, it was only to show his lack of knowledge. Finally, the court denied imposition of sanctions.

**OUTCOME:** The court denied both the plaintiff's motion for protective order and the defendant's motion for protective order. Both parties were order to appear for their depositions.

**COUNSEL:** For MARIA HORSEWOOD, plaintiff: Denise M. Anderson, Anderson Platts Law Firm, Kansas City, MO.

For KIDS "R" US, defendant: James R Williams, Beth R Meyers, Mindy S Novick, Jackson, Lewis, Schnitzler & Krupman, New York, NY.

For KIDS "R" US, defendant: Melody L. Nashan, Lathrop & Gage L.C., Kansas City, MO.

**JUDGES:** Gerald L. Rushfelt, United States Magistrate Judge.

**OPINION BY:** Gerald L. Rushfelt

OPINION:

### MEMORANDUM AND ORDER

The court has under consideration Plaintiff's Motion for Protective Order (doc. 28); Defendant's Motion for Protective Order (doc. 32); and a Motion to Amend Plaintiff's Suggestions in Opposition to Defendant's Motion for Protective Order Pursuant to *Fed. R. Civ. P. 26(c)* (doc. 49). Pursuant to *Fed. R. Civ. P. 26(c)* and D.Kan. Rules 26.2 and 37.1, plaintiff Maria Horsewood seeks an order [*2] directing her continued deposition for a convenient date and limited to six hours. Defendant Toys "R" Us - Delaware, Inc. seeks an order precluding the deposition of Richard Cudrin or, in the alternative, directing that it be taken on a convenient date. In its reply brief defendant suggests that plaintiff pursue its proposed inquiry to Cudrin through interrogatories or deposition upon written questions. It also requests that any deposition of Cudrin be limited to six hours. Both parties seek an award of costs incurred in relation to their motions. Each party opposes the motion of the other.

Plaintiff also moves to amend her brief in opposition to the motion of defendant. She wants to attach exhibits inadvertently omitted from her original opposition. Defendant has filed no response to the motion to amend. Accordingly, the court grants it as uncontested. *See* D.Kan. Rule 7.4.

### I. Factual and Procedural Background

Plaintiff alleges that defendant has engaged in unlawful employment practices in violation of Title I of the Americans With Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991. (Compl. P 1, doc. 1.) Defendant employed her from March 21 [*3] through August 30, 1996. (Answer P 11, doc. 7.) She claims to be diabetic and legally blind. (Compl. P 11.) She alleges that defendant knowingly and intentionally refused to reasonably accommodate her disabilities and discharged her in retaliation for the exercise of rights protected by the ADA. (*Id.* PP 12 & 14.) Defendant denies the allegations and asserts, *inter alia*, that it was motivated by reasonable factors other than disability, that it made good faith efforts to reasonably accommodate her, and that it terminated her for a legitimate, non-discriminatory reason. (Answer PP 20-28.)

After consultation with the parties, this court issued a scheduling order which adopts "the deadlines and other provisions set forth in the Report of Parties' Planning Meeting (doc. 13)." (Scheduling Order of Jan. 30, 1998 P c, doc. 15.) The parties proposed discovery as to whether plaintiff could perform the essential functions of her job with or without accommodation and whether defendant was required to reasonably accommodate her. (Report of Parties' Planning Mtg. P 3.) The Scheduling Order set a discovery deadline of June 1, 1998. The court later extended that discovery deadline to July 31, 1998. (Order [*4] of June 1, 1998, doc. 43.)

On March 10, 1998, defendant noticed the deposition of plaintiff for April 20 and 21, 1998, at the offices of defense counsel in Kansas City, Missouri. (Am. Notice Dep., doc. 21.) This constituted "reasonable notice in writing," as required by *Fed. R. Civ. P. 30(b)(1)* and D.Kan. Rule 30.1. The deposition proceeded as scheduled for a period of seven and one-half hours. Two days later defendant noticed the continuing deposition of plaintiff to commence May 19, 1998, and to continue from day to day until completed. (Notice Continuing Dep., doc. 24.) On May 11, 1998, plaintiff noticed a deposition for Cudrin on May 22, 1998, in Paramus, New Jersey. Cudrin is Vice President Human Resources U.S. Toy Stores/Corporate Employee Relations for defendant. He oversees the creation, implementation, and enforcement of policies and procedures relating to its employees. (Aff. of Richard Cudrin PP 1-2, as attached to Def.'s Mot. Prot. Order, doc. 32, hereinafter Cudrin Aff.)

### II. Standard For Issuance of Protective Order

"The [United States Supreme] Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment [*5] to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando, 441 U.S. 153, 176, 60 L. Ed. 2d 115, 99 S. Ct. 1635 (1979).* To accomplish that purpose the Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Fed. R. Civ. P. 26(b)(1).* Courts broadly construe relevancy at the discovery stage. *Caldwell v. Life Ins. Co. of N. Am., 165 F.R.D. 633, 638 (D. Kan. 1996).* "[A] request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the subject matter of the action." *Id.* (emphasis added).

Discovery provisions are also "subject to the injunction of Rule 1 that they 'be construed to secure the just, speedy, and inexpensive determination of every action.'" *Lando, 441 U.S. at 176.* In addition, "upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. [*6] " *Fed. R. Civ. P. 26(c).* Although the rules contemplate discovery as a nearly unencumbered search for the truth, courts also recognize it as an intrusive fact-gathering tool that is subject to abuse. Courts, therefore, "balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled."

*Frank v. County of Hudson, 924 F. Supp. 620, 623 (D.N.J. 1996)* (citing *Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994)); see also, Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1368 (10th Cir. 1997)* (holding that "the desire to afford 'broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant'")

The motions address the sound discretion of the court. *Thomas v. IBM, 48 F.3d 478, 482 (10th Cir. 1995).* "[A] party is entitled to request a protective order to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery." *Caldwell, 165 F.R.D. at 637.* The party seeking a protective order bears the burden to show good [*7] cause for it. *Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996).* To establish good cause, the movant must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil v. Bernard, 452 U.S. 89, 102 n.16, 68 L. Ed. 2d 693, 101 S. Ct. 2193 (1981); see also, In re Terra Int'l, Inc., 134 F.3d 302, 306-07 (5th Cir. 1998)* (granting petition for writ of mandamus and instructing district court to vacate a protective order based solely on a conclusory allegation and unsupported by a particular and specific demonstration of fact).

### III. Plaintiff's Motion for Protective Order

Plaintiff seeks an order to limit her continued deposition to six hours and to direct that it be rescheduled for a convenient time. She suggests that defendant, with knowledge that her counsel would be unavailable, scheduled the deposition for May 19, 1998. The notice directs her to appear at the offices of defense counsel for deposition to continue from day to day until completed. (Notice Continuing Dep.) She further suggests that defendant, without advising her of its availability [*8] and for no given reason, refused to reschedule her deposition for another day of that same week. She claims that she made herself available at the appointed time for her initial deposition in April, but concedes that she gave only seven and one-half hours of testimony. She acknowledges her need for short breaks due to her diabetic condition. Because of her vision impairment she also requires more than usual time to review documents during her deposition. She asserts that requiring a substantial amount of documentation to be read to her while all counsel remain in the room, however, is harassing and intimidating. She contends that defense counsel is attempting to harass and intimidate her by continuing her deposition beyond a reasonable time.

Defendant suggests that plaintiff did not serve her motion papers until two business days prior to the scheduled date for the deposition. Due to this late service and

alleged "manipulation of the process," defendant contends it has been prejudiced because it had no choice but to acquiesce to a continuance of her continued deposition. It asserts that it could not avoid scheduling the deposition on May 19, 1998, due to the then existing discovery [*9] deadline of June 1, 1998, and the unavailability of opposing counsel for any other day in May. It concedes that it will not contest the rescheduling of the deposition to a convenient date, however, if plaintiff obtains an extension of the discovery deadline.

Defendant also objects to the request to limit the continued deposition to an additional six hours. It attributes the "paucity of actual deposition time" to untimely arrival and interruptions on the part of plaintiff and her counsel and the fact that plaintiff requires a significant amount of time to read exhibits. It suggests this may necessitate a second day of deposition, if it cannot finish in a day. It argues that limiting the continued deposition may preclude it from fully exploring plaintiff's extensive medical history, job performance, requests for accommodation, and the nature of her alleged damages.

The scheduled date for the deposition has passed. The court finds the arguments of prejudice moot. The court deems plaintiff's motion for a protective order moot to the extent it seeks protection against a deposition on May 19, 1998.

Plaintiff also contends, however, that her continued deposition should be limited to an [*10] additional six hours. She offers no authority in support of this position. "The Federal Rules of Civil Procedure do not set any limit on the length of depositions." *Downs v. Brasted, 1993 U.S. Dist. LEXIS 19695, No. 92-1611- MLB, 1993 WL 566203, at *1 (D. Kan. July 21, 1993).* n1 *Fed. R. Civ. P. 26(b)(2)* authorizes limitations of time on depositions. *Rolscreen Co. v. Pella Prods. of St. Louis, Inc., 145 F.R.D. 92, 98 (S.D. Iowa 1992). Fed. R. Civ. P. 30(d)(2)* likewise provides authority "to limit the time permitted for the conduct of a deposition." Courts avoid imposing artificial time limits for depositions, nevertheless, because "the length of the deposition will vary depending on the nature of the action, the issues raised, and the deponent's involvement in the case." *Brasted, 1993 WL 566203, at *1.*

n1 "In 1992, the Advisory Committee on the Civil Rules proposed extensive revisions to the Rules. [It] initially proposed revising Rule 30 to add a six hour time limitation on each deposition unless the parties stipulated otherwise or obtained leave of court." *Rolscreen Co. v. Pella Prods. of St. Louis, Inc., 145 F.R.D. 92, 99 n.4 (S.D. Iowa*

*1992).* A majority of the Advisory Committee, however, rejected any presumptive limit on the length of depositions. *See Brasted, 1993 WL 566203,* at *1.

**[*11]**

Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden. *Cf. Sentry Ins. v. Shivers, 164 F.R.D. 255, 257 (D. Kan. 1996)* (bald assertions of emotional and financial stress do not show undue burden). She offers no evidence, by affidavit, transcript, or otherwise, to substantiate these assertions. She provides no details as to the harassment or intimidation she would face should the continued deposition require more than six hours. She presents no evidence that the previous deposition unreasonably annoyed, embarrassed, or oppressed her, or that the continued deposition will likely do so. She makes no showing that her disabilities necessitate an artificial time limit. On the contrary, her need for several intermissions and time to read documents suggests that an artificial time limit may unfairly limit the discovery.

Plaintiff merely offers conclusory and speculative statements about the need for a protective order. She has not established good cause. The court denies her motion for protective order to the extent it seeks to limit her continued deposition to six hours. If defendant were to conduct the examination in bad faith **[*12]** or in such a manner as to unreasonably annoy, embarrass, or oppress her, she may provide grounds for relief. *See Fed. R. Civ. P. 30(d)(3).*

**IV. Defendant's Motion for Protective Order**

Defendant has failed to comply with D.Kan. Rule 37.1. The Rule provides in pertinent part: "Motions under *Fed. R. Civ. P. 26(c)* . . . directed at depositions . . . shall be accompanied by copies of the notices of depositions . . . in dispute." Defendant attached no copy of the notice of deposition for Richard Cudrin which is in dispute. "Failure to comply with D.Kan. Rule 37.1 often makes it difficult, if not impossible, for the court to determine exactly what should be compelled or protected. The court, therefore, generally overrules motions that lack the required attachments." *Burnett v. Western Resources, Inc., 1996 U.S. Dist. LEXIS 3641,* No. 95-2145-EEO, *1996 WL 134830* at *2 (D. Kan. Mar. 21, 1996). The motion and its supporting memorandum, however, adequately inform the court of the dispute. The court thus waives strict compliance with the rule and considers the motion on its merits.

Defendant seeks an order to preclude the deposition of Cudrin or, **[*13]** in the alternative, directing that it proceed on a convenient date. He avers that he was "committed to participate in a court ordered mediation in another matter taking place in California on May 22, 1998, the date for which [his] deposition [had] been noticed." (Cudrin Aff. P 6.) Plaintiff has consented to re-schedule the deposition to a date convenient for both parties. Accordingly, the court deems defendant's motion for a protective order moot to the extent it seeks protection against proceeding on May 22, 1998.

The question remains, nevertheless, whether the deposition should otherwise be prohibited. Defendant asserts that a deposition would disrupt both Cudrin's work and its business operations and would therefore be unduly burdensome. It argues that he lacks relevant knowledge and that plaintiff has already deposed several witnesses with pertinent information, including Debra Schwartzfarb as its 30(b)(6) representative.

Plaintiff disputes these contentions. She says that Cudrin has relevant knowledge. She further disputes the alleged hardship his deposition would impose. She asserts that Ms. Schwartzfarb identified Cudrin as the individual with information about policies, **[*14]** procedures, and job descriptions which contain the essential function for each position of defendant. Plaintiff characterizes this information as critical to the material issue of whether she could perform the essential functions of her position with a reasonable accommodation, or that of other positions in the store.

To demonstrate good cause for the protective order, defendant submits two affidavits of Cudrin. He declares in the first affidavit that, prior to plaintiff's EEOC complaint of January 1997, he was unaware of any facts relating to her employment or termination from defendant. (Cudrin Aff. P 3.) He further states: "I have never reviewed any documents relating to Ms. Horsewood other than her EEOC complaint, Summons and Complaint in the instant action and documents prepared by [defense] counsel . . . with respect to this litigation." (*Id.*) Cudrin further avers that he did not speak with anyone regarding plaintiff during the time she was employed by defendant. (*See id.* P 4.) He acknowledges, however, that his responsibilities include "overseeing the creation, implementation and enforcement of all policies and procedures relating to employees of . . . Kids 'R' Us. **[*15]** " (*Id.* P 2.) He also admits in both affidavits that divisional and regional human resource managers occasionally seek his advice on employee-related matters. (*See id.*; Aff. of Richard Cudrin P 2 as attached to Def.'s Reply Mem., herein-after Second Aff.) In response to the passage of the ADA, furthermore, he convened committees to identify and define the essential functions of each job position of defendant. He was responsible for reviewing these findings. (Second Aff. P 4.)

Due to the broad scope of discovery, "it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition." *Naftchi v. New York Univ. Med. Ctr., 172 F.R.D. 130, 132 (S.D.N.Y. 1997).* Courts may, nevertheless, "grant a protective order prohibiting the taking of a deposition when it believes that the information sought is wholly irrelevant to the issues or prospective relief." *Leighr v. Beverly Enterprises-Kansas Inc., 164 F.R.D. 550, 551-52 (D. Kan. 1996)* (quoting *United States ex rel. Westinghouse Elec. Corp. v. Coonrod & Assocs. Constr. Co.,* No. 89-2274-O, unpublished op. at 3 (D. Kan. Jan. 28, 1991)). The normal practice [*16] of this court, however, is to deny motions to thwart a deposition. *Id. at 552; Land v. United Tele. S.E., Inc., 1995 U.S. Dist. LEXIS 3746,* No. Civ.A. 95- MC-220-KHV, 1995 WL 128500, at *5 (D. Kan. Mar. 22, 1995). "An order barring a litigant from taking a deposition is most extraordinary relief." *Speadmark, Inc. v. Federated Dep't Stores, Inc., 176 F.R.D. 116, 117 (S.D.N.Y. 1997).* Courts "rarely grant a protective order which totally prohibits a deposition, unless extraordinary circumstances are present." *Mike v. Dymon, Inc., 169 F.R.D. 376, 378 (D. Kan. 1996).* In fact, this court has characterized such a prohibition as a "drastic action." *Deines v. Vermeer Mfg. Co., 133 F.R.D. 46, 48 n.3 (D. Kan. 1990).*

As a general rule a party seeking discovery may test an asserted lack of knowledge. *See Naftchi, 172 F.R.D. at 132* (citing 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2037 (2d ed. 1994) [hereinafter Wright]); *Rolscreen Co. v. Pella Prods. of St. Louis, Inc., 145 F.R.D. 92, 97 (S.D. Iowa 1992).* The deposition of [*17] Cudrin appears reasonably calculated to lead to the discovery of admissible evidence. The discovery plan incorporated into the Scheduling Order of January 30, 1998, designates the following subjects for discovery: (1) whether plaintiff could perform the essential functions of her job with or without accommodation; (2) whether defendant was required to reasonably accommodate her. Cudrin had a supervisory role in developing the job descriptions that purportedly define the essential functions of each position, specifically in response to the passage of the ADA. One may reasonably assume he knows about the job descriptions and essential functions of the work. He also had responsibility and familiarity with creating, implementing, and enforcing the ADA policies of defendant. He may well know to what extent defendant can or should be able to accommodate a diabetic and legally blind employee.

Defendant argues that Cudrin's status as a corporate officer supports a showing of good cause for the requested protective order. In support of this proposition it cites *Thomas v. IBM, 48 F.3d 478 (10th Cir. 1995),* two cases cited by the court in *Thomas: Lewelling v. Farmers Insurance of Columbus, Inc., 879 F.2d 212 (6th Cir. 1989),* [*18] and *Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979),* and this court's ruling in *Gazaway v. Makita USA, Inc., 1998 U.S. Dist. LEXIS 6355,* No. 97-2287- JWL, 1998 WL 219771 (D. Kan. April 16, 1998). These cases do not help defendant.

In *Lewelling* a group of employees brought an action for breach of contract and fraud against their former employer. *See 879 F.2d at 213.* The district court granted summary judgment in favor of the employer. The employees appealed. *See id.* During discovery the plaintiffs had sought to depose the Chairman of the Board and Chief Executive Officer of the corporate defendant. The district court had issued a protective order against a deposition. *See id. at 218.* The Sixth Circuit Court of Appeals merely held that the district court had not abused its discretion in issuing the protective order. Collateral efforts to annoy, harass. and press the defendant into a settlement discussion, rather than the professed lack of knowledge of the deponent, provided the good cause necessary for the protective order. The court finds no such conduct in the instant case.

*Salter,* [*19] *Thomas,* and *Gazaway* have common holdings. They provide that a deposition notice violative either of a procedural requirement or of the general principle that a corporate officer be deposed at the principal corporate place of business of the defendant may pose an undue burden upon a corporate defendant and provide good cause for a protective order. Each of the cases had circumstances which are absent here. Despite defendant's contention in *Salter* that its corporate officer lacked personal knowledge, the court authorized the deposition, if the plaintiff were not satisfied after deposing other witnesses employed by the defendant. The *Thomas* court, likewise, found a failure to depose other corporate personnel to be a factor in precluding the deposition of a corporate officer.

In the case before the court plaintiff has deposed several witnesses employed by defendant. They include the manager and two assistant managers of the Overland Park, Kansas store that employed her. She has deposed the district manager who oversaw operations at the store during part of her employment. She has noticed the deposition of the district manager who oversaw these operations when defendant hired [*20] her. She has deposed Debra Schwartzfarb, the Director of Human Resources for Kids "R" Us employees, as corporate representative under *Fed. R. Civ. P. 30(b)(6).* Ms. Schwartzfarb identified Cudrin as the person to whom two of her deposition questions should be directed.

Consistent with the general rule that a party seeking discovery is entitled to test an asserted lack of knowledge, the representation by the defendants in *Salter* and

*Gazaway* that their respective corporate officers lacked personal knowledge did not establish good cause for precluding the requested depositions. In *Salter* the court observed that the deposition should have been allowed if the plaintiff had given proper notice. *See 593 F.2d at 651.* Similarly, in *Gazaway*, this court held that the corporate defendant was not required to bear the burden and expense of transporting the corporate officer from Japan to Kansas City, but otherwise allowed the deposition to be taken. *See 1998 WL 219771* at *3. In *Thomas* an asserted lack of knowledge was merely one among several weightier circumstances which established good cause to preclude the deposition. *See 48 F.3d at 483.* [*21] Defendant here suggests lack of personal knowledge as the sole basis for the protective order. It has not shown that the deposition would be unduly burdensome. It has not established good cause for a protective order.

The probability that Cudrin can provide relevant evidence to a material issue outweighs the suggested burden of his deposition. That Cudrin is too busy and that a deposition will disrupt his work carries little weight. Most deponents are busy. Most depositions involve some disruption of work or personal business. "[A] showing that discovery may involve some inconvenience . . . does not suffice to establish good cause for issuance of a protective order." *Tolon v. Board of County Comm'rs, 1995 U.S. Dist. LEXIS 19100,* No. 95-2001- *GTV, 1995 WL 761452,* at *3 (D. Kan. Dec. 18, 1995).

The affidavits of Richard Cudrin present nothing of consequence to warrant a finding of undue burden. Defendant has failed to establish by a particular and specific demonstration of fact that a protective order is warranted. The representation that Cudrin lacks personal knowledge does not suffice to meet its burden of showing good cause for a protective order. [*22] Accordingly, the court denies the motion for protective order of defendant to the extent it seeks to preclude the deposition of Richard Cudrin.

Defendant notes that Cudrin's deposition is not noticed as that of a corporate representative. The court finds that fact of no consequence. A deposing party may "obtain the deposition of a corporation through two alternative methods." *Moore v. Pyrotech Corp., 137 F.R.D. 356, 357 (D. Kan. 1991).* Pursuant to *Fed. R. Civ. P. 30(b)(6),* the deposing party may name the corporation as the deponent and then the corporation designates one or more employees to testify on its behalf. *See id.*

Alternatively, however, a deposing party may, pursuant to Rule 30(b)(1), specifically name as the deponent a corporate employee. If the named employee is a director, officer, or managing agent of the

corporation, such employee will be regarded as a representative of the corporation. Regardless of which method is used, the corporation is responsible for producing its representative for deposition.

*Id.* (citations omitted). If other officials of the corporate defendant have relevant information but did not testify pursuant [*23] to Rule 30(b)(6), a party may depose them. *See Stone v. Morton Int'l, Inc., 170 F.R.D. 498, 499-504 (D. Utah 1997); Fed. R. Civ. P. 30(b)(6)* advisory committee's note (1970 amend.).

Defendant also suggests that plaintiff may obtain information from Cudrin through interrogatories or deposition upon written questions. It has shown no adequate reason for imposing an alternative method of discovery over the one chosen by plaintiff. A party generally may choose the order and manner of discovery.

Defendant also requests that any deposition of Cudrin be limited to six hours. It has shown insufficient grounds for such a limitation. For reasons stated previously, the court disfavors arbitrary time limitations on depositions.

## V. Sanctions

Overruling a motion for protective order prompts consideration of sanctions under *Fed. R. Civ P. 37(a)(4)(B). See Fed. R. Civ. P. 26(c).* Rule 37(a)(4)(B) provides in pertinent part:

> If the motion is denied . . . the court shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable [*24] expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."

The court finds sanctions unjustified. Each party shall bear its own expenses incurred on the motions and subsequent briefing.

## VI. Discretionary Authority to Compel Discovery

*Fed. R. Civ. P. 26(c)* also provides that "if the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." Pursuant to this provision, the court directs

1998 U.S. Dist. LEXIS 13108, *

plaintiff to appear for her continued deposition at the offices of defense counsel in Kansas City, Missouri on a mutually convenient date, or at any other place to which the parties may agree. The court further directs defendant to produce Richard Cudrin for deposition in Paramus, New Jersey, on a date mutually convenient, or at any other place to which the parties may agree.

## VII. Conclusion

In summary, the court sustains the Motion to Amend Plaintiff's Suggestions in Opposition to Defendant's Motion **[*25]** for Protective Order Pursuant to *Fed. R. Civ. P. 26(c)* (doc. 49) as uncontested and deems moot in part and otherwise denies both Plaintiff's Motion for Protec-

tive Order (doc. 28) and Defendant's Motion for Protective Order (doc. 32) as herein set forth. Pursuant to its discretionary authority to compel discovery when denying a proposed protective order, it orders plaintiff and Richard Cudrin to appear for their depositions as set forth herein. The court denies sanctions.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 13th day of August, 1998.

Gerald L. Rushfelt

United States Magistrate Judge